UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOE HAND PROMOTIONS, INC.,

                       Plaintiff,

v.

JAMES M. SNYDER, Individually, and as officer,
director, shareholder, and/or principal of 56 Main
Sports Pub LLC d/b/a 56 Main Sports Pub; and 56
MAIN SPORTS PUB LLC d/b/a 56 Main Sports Pub,

                       Defendants.
_____

Civil Action No.: 6:14-CV-0754
(GTS/ATB)

GLENN T. SUDDABY, United States District Judge

## ORDER GRANTING DEFAULT JUDGMENT

Default having been entered in this action against the above-captioned Defendants on December, 2014 (Dkt. No. 12), and Plaintiff's motion for default judgment (and supporting declarations) having been filed and served on Defendants on January 5, 2015 (Dkt. No. 14, Attach. 10), and no appearance having been made by Defendants in person or in writing since that time, and all other requirements for entry of default judgment having been satisfied pursuant to Fed. R. Civ. P. 55(b), it is hereby

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment against Defendants James M. Snyder and 56 Main Sports Pub LLC, jointly and severally, and in favor of Plaintiff Joe Hand Promotions, Inc., in the amount of **$5,582**, calculated as follows:

| | | |
|---|---|---|
| **Principal Amount:** | $3,900[1] | |
| **Costs:** | | |
| Filing Fees: | $400 | |
| Process Server: | $150 | |
| Investigation Fee: | $100[2] | |
| Attorney's Fees: | $1,032 | |
| **TOTAL:** | $5,582.[3] | |

Dated: April 22, 2015
   Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge

---

[1] Based on the Eastern District of New York's reasoning in *Joe Hand Promotions, Inc. v. Elmore*, 11-CV-3761, 2013 WL 2352855, at *5-10 (E.D.N.Y. May 29, 2013), the Court calculates this principal amount as follows: $1,300 (in statutory damages pursuant to 47 U.S.C. § 605[e][3][C][i][II], given the Rate Card adduced by Plaintiff) + $2,600 (in enhanced damages pursuant to 47 U.S.C. § 605[e][3][C][ii], given the relatively small number of patrons in the establishment and the lack of evidence that Defendants committed similar acts either before or after the time in question) + $0 (in conversion damages, given their apparent unavailability under New York law under the circumstances) = $3,900.

[2] Based on the lack of evidence adduced by Plaintiff regarding the total amount of time necessary for the investigation (the onsite portion of which appears to have taken approximately 30 minutes), how much the investigator charged per hour, and why the investigator is qualified to demand the requested rate, the Court calculates a reasonable investigation fee to be $100 (1.0 hour x $100 per hour).

[3] Based on the formulaic nature of Plaintiff's motion papers (including various errors therein, indicating they were hastily prepared), the after-the-fact nature of the time sheets, the lack of corroborating evidence that any demand letters were sent to Defendants, and the prevailing hourly rates for work of this complexity in the Northern District of New York, the Court calculates these attorney's fees as follows: $840 (resulting from 4.0 hours x $210 per hour for counsel's work) + $96 (resulting from 1.2 hours x $80 per hour for his paralegal's work) + $96 (resulting from 1.2 hours x $80 per hour for his administrative assistant's work) = $1,032. The Court notes that it awarded Plaintiff the same amount, based on a virtually identical attorney-fee affirmation, in *Joe Hand Promotions, Inc. v. Mihalko*, 13-CV-1570, Order (N.D.N.Y. filed Feb. 4, 2014) (Suddaby, J.).